UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 655, a labor organization, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| ST. LOUIS FOOD HUB TIF, INC., an administratively dissolved Missouri corporation, and | ) ) ) ) | |
| F2F, LLC, a Missouri Limited Liability Company, d/b/a St. Louis Food HUB and d/b/a Fields Foods, and | ) ) ) ) | |
| ST. LOUIS FOOD HUB, LLC, a Missouri Limited Liability Company, | ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff United Food and Commercial Workers Union Local 655, by counsel, brings this complaint against St. Louis Food Hub TIF, Inc., F2F, LLC d/b/a St. Louis Food HUB and Fields Foods, and St. Louis Food HUB, LLC and states as follows:

### **Jurisdiction and Venue**

1. This Court has jurisdiction by reason of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and 28 U.S.C. § 1331, as the claims arise under the laws of the United States.

2. Venue lies within this judicial district pursuant to 28 U.S.C. § 1391.

**Parties**

3. United Food and Commercial Workers Union Local 655 (hereinafter referred to as "the Union") is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§ 152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.  The Union maintains an office and place of business within this judicial district.

4. Defendant St. Louis Food Hub TIF, Inc. was a Missouri corporation whose incorporator was Christopher Goodson.  See Exhibit 1 hereto.  Defendant St. Louis Food Hub TIF, Inc. was administratively dissolved by the Missouri Secretary of State.  See Exhibit 2 hereto.  Defendant St. Louis Food Hub, LLC is a Missouri Limited Liability Company whose organizer was Christopher Goodson.  See Exhibit 3 hereto. Defendant F2F, LLC is a Missouri Limited Liability Company whose organizer was Christopher Goodson.  See Exhibit 4 hereto.  Defendant F2F, LLC is the owner of the fictitious names St. Louis Food HUB (See Exhibit 5 hereto) and Fields Foods (See Exhibit 6 hereto).

5. Defendants St. Louis Food Hub, LLC and F2F, LLC, d/b/a St. Louis Food HUB and d/b/a Fields Foods, are successors to defendant St. Louis Food Hub TIF, Inc. Defendants constitute a single integrated enterprise.  Defendants at all relevant times conducted business with this judicial district.  Defendants are an employer within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185.  Defendants are hereinafter referenced to collectively as the "Employer."

## Factual Background

6. In or around January 2012, the Union and the Employer, under the name St. Louis Food Hub TIF, Inc., entered into a Card Check and Neutrality Agreement (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit 7.

7. The Employer operates a facility under the name Field Foods located at 1500 Lafayette Avenue in St. Louis, Missouri. This facility is covered by the Agreement.

8. The Agreement provides as follows at paragraph 3:

> The Company agrees to provide the Union with access to its premises and to its employees in the unit described above. The Union may engage in organizing efforts in non-public areas of the Company's facility (including break rooms) during employees' non-working time (before work, after work, and during meals and breaks) and/or during such other periods as the parties may mutually agree upon. Within five (5) days of the Union's request, the Company will provide the Union with a complete list of its employees, including both full and part-time employees, showing their job classifications, departments, addresses and telephone numbers. Updated lists will be provided within five (5) days of the Union's request.

9. On July 11, 2014, the Union requested access to the non-public areas of the Employer's facility for the purpose of organizing the Employer's employees. The Union specifically requested a list of dates and times upon which such access would be granted. A copy of the letter requesting such access is attached hereto as Exhibit 8.

10. Also on July 11, 2014, the Union requested a list of the Employer's employees (both full and part-time) and their job classifications, departments, addresses and telephone numbers. This request was set forth in Exhibit 8.

11. The Employer failed and refused to grant the requests set forth in Exhibit 8, thereby violating the Agreement.

12. Paragraph 12 of the Agreement provides that:

> Any dispute over the interpretation or application of the Card Check and Neutrality Agreement will be resolved through expedited and binding arbitration, with the arbitrator selected in the manner set forth in paragraph 11, above. The parties agree to comply with any order of the arbitrator, which will be final and binding.

13. As a result of the Employer's failure to grant the Union's request for access and employee information set forth in Exhibit 8, in violation of the Agreement, there was a dispute over the application of the Agreement.

14. Paragraph 11 of the Agreement provides that "[E]ither party may request a panel of seven (7) arbitrators from the Federal Mediation and Conciliation Service. Upon receipt of the panel, the parties shall alternatively strike names from the panel, the party striking first to be determined by coin toss. The name remaining will be the arbitrator."

15. Pursuant to paragraphs 11 and 12 of the Agreement, the Union by letter dated July 23, 2014, a copy of which is attached as Exhibit 9, advised the Employer that it would be requesting a panel of seven (7) arbitrators from the Federal Mediation and Conciliation Service (hereinafter referred to as the "FMCS").

16. The Union requested, and the FMCS issued, a panel of seven (7) arbitrators. A copy of this panel is attached hereto as Exhibit 10.

17. By letter dated July 29, 2014, a copy of which is attached hereto as Exhibit 11, the Union forwarded to the Employer a copy of the panel of seven (7) arbitrators from the FMCS, and requested that the Employer contact the Union's counsel within seven (7) days to strike names from the panel.

18. The Employer has failed and refused to cooperate in the arbitration of the parties' dispute, including failing and refusing to strike names from the FMCS panel of seven (7) arbitrators.

## Legal Claim

19. The Employer has breached the Agreement by refusing to submit this dispute to binding arbitration in violation of Section 301 of the LMRA, 29 U.S.C. § 185.

## Request for Relief

WHEREFORE, the Union requests the following relief:

a) An order compelling the Employer to proceed to binding arbitration, in the manner provided for in the Agreement, in regard to the Union's claim that the Employer has violated the Agreement;

b) An award to the Union of its costs and fees; and

c) Such other and further relief as the Court deems appropriate under the circumstances.


Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
(314) 727-1015 (Phone)
(314) 727-6804 (Fax)
gcampbell@hammondshinners.com


/s/ Greg A. Campbell
GREG A. CAMPBELL #35381MO
Attorneys for Plaintiffs

## **Certificate of Service**

       The undersigned certifies that a copy of the foregoing has been electronically filed with the U.S. District Court on August 11, 2014, and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

                                                /s/ Greg A. Campbell